**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**Case No.: 25-cv-62530-CIV-AHS**

**ANNA WEATHERLY,** and
**PAMELA CHARNEY,** on
behalf of themselves and all
others similarly situated,

Plaintiffs,

v.

**THE CLEVELAND CLINIC FOUNDATION,**
and **CLEVELAND CLINIC FLORIDA**
**HEALTH SYSTEM NONPROFIT**
**CORPORATION,**

Defendants.
_______________________________________/

## ANSWER AND AFFIRMATIVE DEFENSES

Defendants, THE CLEVELAND CLINIC FOUNDATION ("CCF") and CLEVELAND CLINIC FLORIDA HEALTH SYSTEM NONPROFIT CORPORATION ("CCFHS") (CCF and CCFHS are collectively, "Cleveland Clinic" or "Defendants"), hereby file their Answer and Affirmative Defenses in response to the Complaint filed by Plaintiffs Anna Weatherly and Pamela Charney.[1]

## NATURE OF THE ACTION

1. Cleveland Clinic admits Adobe Analytics is present on certain pages of the Website pursuant to a software licensing agreement which is subject to a Data Processing Addendum ("DPA") and a Business Associate Agreement ("BAA") under the Health Insurance Portability

[1] Cleveland Clinic repeats Complaint headings solely for organizational purposes.

and Accountability Act of 1996 ("HIPAA"). True and correct copies of the DPA and BAA are attached hereto as **Exhibits A** and **B,** respectively.[2] The DPA and BAA are exhibits to the executed software licensing agreement between Cleveland Clinic and Adobe. Separately, Cleveland Clinic admits that certain third-party tools from Google, Amazon, and others (collectively, "Programmatic Advertising Tools"), are present on select public-facing and unauthenticated (i.e., no login required) webpages on the Website, including its Health Library page[3] which by design and as a matter of law does not collect or receive protected health information ("PHI"). *See Smith v. Facebook, Inc.*, 262 F. Supp. 3d 954–55 (N.D. Cal. 2017), *aff'd*, 745 F. App'x 8 (9th Cir. 2018); *Am. Hosp. Ass'n v. Becerra*, 738 F. Supp. 3d 780, 804 (N.D. Tex. 2024). Relevant to the other webpages identified in the Complaint—"Find a Doctor" (i.e., Find a Provider)[4], Appointment Scheduling, MyChart, Find a Location, and Website Search—Cleveland Clinic denies those pages contain Programmatic Advertising Tools. Cleveland Clinic denies that it knowingly or otherwise shared Website users' PHI or sensitive personal information with unauthorized third parties. Cleveland Clinic denies that any use of Adobe Analytics or Programmatic Advertising Tools on the Website was "without notice or consent" as Cleveland Clinic discloses its data collection, use and sharing practices on its Website, including the use of digital tracking tools, in its Privacy Policies and/or its Terms of Use, Notice of Privacy Practices, and other user-facing statements. True and correct copies of the current versions of those documents, all of which are available on the Website, are attached hereto as **Exhibits C, D,** and **E**, respectively. Further, at all relevant

---

[2] Exhibits A and B are being filed provisionally under seal until the Court rules upon Cleveland Clinic's motion for leave to file under seal.

[3] https://my.clevelandclinic.org/health.

[4] Cleveland Clinic admits in part that a "Find a Doctor" webpage, as described and defined in the Complaint, is available on the Website. However, the currently operative webpage with the same functionality as "Find a Doctor" is the Find a Provider webpage available at https://my.clevelandclinic.org/providers.

times users had the ability to opt out of Programmatic Advertising Tools. Cleveland Clinic denies it violated any state or federal law.

2. Cleveland Clinic admits it is a leading nonprofit academic medical center headquartered in Cleveland, Ohio. Cleveland Clinic admits the Website allows visitors to search for physicians and medical facilities, explore health conditions, and schedule appointments.

3. Cleveland Clinic admits Adobe Analytics is present on certain pages of the Website pursuant to a software licensing agreement which is subject to a DPA and a BAA under HIPAA. Separately, Cleveland Clinic admits that Programmatic Advertising Tools are present on select webpages on the Website, including its Health Library page[5] which by design and as a matter of law does not collect or receive PHI. Cleveland Clinic denies that it knowingly or otherwise shared Website users' PHI or sensitive personal information with unauthorized third parties. Cleveland Clinic denies that any use of Adobe Analytics or Programmatic Advertising Tools on the Website was "without notice or consent" as Cleveland Clinic discloses its data collection, use and sharing practices on its Website, including the use of digital tracking tools, in its Privacy Policies and/or its Terms of Use, Notice of Privacy Practices, and other user-facing statements. Further, at all relevant times Website users had the ability to opt out of Programmatic Advertising Tools. Cleveland Clinic denies it violated any state or federal law.

4. Cleveland Clinic denies that any "interception" occurred. Cleveland Clinic admits Adobe Analytics is present on certain pages of the Website pursuant to a software licensing agreement which is subject to a DPA and a BAA under HIPAA. Separately, Cleveland Clinic admits that Programmatic Advertising Tools are present on select webpages on the Website,

[5] https://my.clevelandclinic.org/health

including its Health Library page which by design and as a matter of law does not collect or receive PHI.

5. Cleveland Clinic responds that this paragraph contains a legal conclusion to which no response is required, and on that basis Cleveland Clinic denies the allegations. To the extent a response is required, Cleveland Clinic denies that any "interception" occurred.

6. Cleveland Clinic responds that this paragraph contains a legal conclusion to which no response is required, and on that basis Cleveland Clinic denies the allegations. To the extent a response is required, Cleveland Clinic denies that Plaintiffs or any putative class member is entitled to any relief whether at law or equity or that Plaintiffs have stated a claim upon which relief may be granted.

**PARTIES**

7. Cleveland Clinic is without sufficient information to admit or deny the allegations in this paragraph, and on that basis Cleveland Clinic denies the allegations.

8. Cleveland Clinic is without sufficient information to admit or deny the allegations in this paragraph, and on that basis Cleveland Clinic denies the allegations.

9. CCF admits it is a nonprofit corporation organized under the laws of Ohio, with its principal place of business at 9500 Euclid Avenue, Cleveland, Ohio 44195. CCF admits in part that it operates certain portions of the Website, as defined in the Complaint, and that it controls the use of Adobe Analytics and Programmatic Advertising Tools on the webpages alleged in the Complaint.

10. CCFHS admits in part that it is a Florida nonprofit corporation with its principal place of business at 2950 Cleveland Clinic Boulevard, Weston, Florida 33331. However, CCFHS is now known as Cleveland Clinic Weston Hospital Nonprofit Corporation whose parent

corporation is Cleveland Clinic Florida Regional Health System. CCFHS denies being a correctly named party to this action.

## JURISDICTION AND VENUE

11. Cleveland Clinic admits only that this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(d). Cleveland Clinic denies that Plaintiffs or any putative class member is entitled to any relief whether at law or equity or that Plaintiffs have stated a claim upon which relief may be granted.

12. Cleveland Clinic admits only that this Court has federal question jurisdiction over this action because Plaintiffs assert a claim under ECPA (18 U.S.C. §2511). Cleveland Clinic denies that Plaintiffs or any putative class member is entitled to any relief whether at law or equity or that Plaintiffs have stated a claim upon which relief may be granted.

13. Cleveland Clinic responds that this paragraph contains a legal conclusion to which no response is required, and on that basis Cleveland Clinic denies the allegations.

14. CCF denies the factual allegations in Paragraph 14 but does not object to the Court's exercise of jurisdiction.

15. Admitted.

16. Cleveland Clinic admits only that venue is proper in this Court. Cleveland Clinic denies the remainder of the allegations in Paragraph 16 of the Complaint.

## FACTUAL ALLEGATIONS

*i. Overview of Website Tracking on Healthcare Websites*

17. This paragraph does not contain a factual allegation involving Cleveland Clinic or its Website, therefore Cleveland Clinic is without sufficient knowledge or information to admit or deny the allegations, and on that basis Cleveland Clinic denies the allegations.

18. This paragraph does not contain a factual allegation involving Cleveland Clinic or its Website, therefore Cleveland Clinic is without sufficient knowledge or information to admit or deny the allegations, and on that basis Cleveland Clinic denies the allegations.

19. This paragraph does not contain a factual allegation involving Cleveland Clinic or its Website, therefore Cleveland Clinic is without sufficient knowledge or information to admit or deny the allegations, and on that basis Cleveland Clinic denies the allegations.

20. This paragraph does not contain a factual allegation involving Cleveland Clinic or its Website, therefore Cleveland Clinic is without sufficient knowledge or information to admit or deny the allegations, and on that basis Cleveland Clinic denies the allegations.

21. This paragraph does not contain a factual allegation involving Cleveland Clinic or its Website, therefore Cleveland Clinic is without sufficient knowledge or information to admit or deny the allegations, and on that basis Cleveland Clinic denies the allegations.

22. Cleveland Clinic admits Adobe Analytics is present on certain pages of the Website and operates on the Website pursuant to a software licensing agreement which is subject to a DPA and a BAA under HIPAA. Separately, Cleveland Clinic admits that Programmatic Advertising Tools are present on select webpages on the Website, including its Health Library page which by design and as a matter of law do not collect or receive PHI. Cleveland Clinic denies that any "interception" occurred and otherwise denies the remaining allegations in this paragraph.

*ii. The Adobe Experience Platform Edge Network*

23. This paragraph does not contain a factual allegation involving Cleveland Clinic or its Website, therefore Cleveland Clinic is without sufficient knowledge or information to admit or deny the allegations, and on that basis Cleveland Clinic denies the allegations.

24. This paragraph does not contain a factual allegation involving Cleveland Clinic or its Website, therefore Cleveland Clinic is without sufficient knowledge or information to admit or deny the allegations, and on that basis Cleveland Clinic denies the allegations.

25. This paragraph does not contain a factual allegation involving Cleveland Clinic or its Website, therefore Cleveland Clinic is without sufficient knowledge or information to admit or deny the allegations, and on that basis Cleveland Clinic denies the allegations.

26. This paragraph does not contain a factual allegation involving Cleveland Clinic or its Website, therefore Cleveland Clinic is without sufficient knowledge or information to admit or deny the allegations, and on that basis Cleveland Clinic denies the allegations.

27. This paragraph does not contain a factual allegation involving Cleveland Clinic or its Website, therefore Cleveland Clinic is without sufficient knowledge or information to admit or deny the allegations, and on that basis Cleveland Clinic denies the allegations.

28. This paragraph does not contain a factual allegation involving Cleveland Clinic or its Website, therefore Cleveland Clinic is without sufficient knowledge or information to admit or deny the allegations, and on that basis Cleveland Clinic denies the allegations.

29. This paragraph does not contain a factual allegation involving Cleveland Clinic or its Website, therefore Cleveland Clinic is without sufficient knowledge or information to admit or deny the allegations, and on that basis Cleveland Clinic denies the allegations.

30. This paragraph does not contain a factual allegation involving Cleveland Clinic or its Website, therefore Cleveland Clinic is without sufficient knowledge or information to admit or deny the allegations, and on that basis Cleveland Clinic denies the allegations.

31. This paragraph does not contain a factual allegation involving Cleveland Clinic or its Website, therefore Cleveland Clinic is without sufficient knowledge or information to admit or deny the allegations, and on that basis Cleveland Clinic denies the allegations.

32. This paragraph does not contain a factual allegation involving Cleveland Clinic or its Website, therefore Cleveland Clinic is without sufficient knowledge or information to admit or deny the allegations, and on that basis Cleveland Clinic denies the allegations.

33. This paragraph does not contain a factual allegation involving Cleveland Clinic or its Website, therefore Cleveland Clinic is without sufficient knowledge or information to admit or deny the allegations, and on that basis Cleveland Clinic denies the allegations.

34. Cleveland Clinic admits in part that Adobe Analytics is present on certain pages of the Website pursuant to a software licensing agreement which is subject to a DPA and a BAA under HIPAA. Cleveland Clinic denies that it has implemented the "Adobe Tracker" as defined and described in the Complaint.

*iii. Google's DoubleClick Tracker*

35. This paragraph does not contain a factual allegation involving Cleveland Clinic or its Website, therefore Cleveland Clinic is without sufficient knowledge or information to admit or deny the allegations, and on that basis Cleveland Clinic denies the allegations.

36. This paragraph does not contain a factual allegation involving Cleveland Clinic or its Website, therefore Cleveland Clinic is without sufficient knowledge or information to admit or deny the allegations, and on that basis Cleveland Clinic denies the allegations.

37. This paragraph does not contain a factual allegation involving Cleveland Clinic or its Website, therefore Cleveland Clinic is without sufficient knowledge or information to admit or deny the allegations, and on that basis Cleveland Clinic denies the allegations.

38. This paragraph does not contain a factual allegation involving Cleveland Clinic or its Website, therefore Cleveland Clinic is without sufficient knowledge or information to admit or deny the allegations, and on that basis Cleveland Clinic denies the allegations.

39. This paragraph does not contain a factual allegation involving Cleveland Clinic or its Website, therefore Cleveland Clinic is without sufficient knowledge or information to admit or deny the allegations, and on that basis Cleveland Clinic denies the allegations.

40. Cleveland Clinic denies user's activities on the Website are linked to Google. The remaining factual allegations in this paragraph do not involve Cleveland Clinic or its Website, therefore Cleveland Clinic is without sufficient knowledge or information to admit or deny the allegations, and on that basis Cleveland Clinic denies the allegations.

41. This paragraph does not contain a factual allegation involving Cleveland Clinic or its Website, therefore Cleveland Clinic is without sufficient knowledge or information to admit or deny the allegations, and on that basis Cleveland Clinic denies the allegations.

42. This paragraph does not contain a factual allegation involving Cleveland Clinic or its Website, therefore Cleveland Clinic is without sufficient knowledge or information to admit or deny the allegations, and on that basis Cleveland Clinic denies the allegations.

43. This paragraph does not contain a factual allegation involving Cleveland Clinic or its Website, therefore Cleveland Clinic is without sufficient knowledge or information to admit or deny the allegations, and on that basis Cleveland Clinic denies the allegations.

44. Cleveland Clinic admits that Google DoubleClick may be present on the Health Library page, which by design and as a matter of law does not collect or receive PHI. Relevant to the other webpages identified in the Complaint—"Find a Doctor" (i.e., Find a Provider),

Appointment Scheduling, MyChart, Find a Location, and Website Search—Cleveland Clinic denies those pages contain Google DoubleClick.

*iv. Additional Third-Party Trackers*

45. Cleveland Clinic admits that certain Programmatic Advertising Tools are present on select public-facing and unauthenticated (i.e., no login required) webpages on the Website, including its Health Library page which by design and as a matter of law does not collect or receive PHI. *See Smith v. Facebook, Inc.*, 262 F. Supp. 3d 954–55 (N.D. Cal. 2017), *aff'd*, 745 F. App'x 8 (9th Cir. 2018); *Am. Hosp. Ass'n v. Becerra*, 738 F. Supp. 3d 780, 804 (N.D. Tex. 2024). Relevant to the other webpages identified in the Complaint – "Find a Doctor" (i.e., Find a Provider), Appointment Scheduling, MyChart, Find a Location, and Website Search – Cleveland Clinic denies those pages contain Programmatic Advertising Tools. Cleveland Clinic denies any Programmatic Advertising Tools "intercept" Website Users' PHI or other sensitive personal information.

46. Cleveland Clinic admits that Amazon tools may be present on the Health Library page, which by design and as a matter of law does not collect or receive PHI. Relevant to the other webpages identified in the Complaint—"Find a Doctor" (i.e., Find a Provider), Appointment Scheduling, MyChart, Find a Location, and Website Search—Cleveland Clinic denies those pages contain Amazon tools. The remaining allegations in this paragraph do not involve Cleveland Clinic or its Website, therefore Cleveland Clinic is without sufficient knowledge or information to admit or deny the allegations, and on that basis Cleveland Clinic denies the allegations.

47. Cleveland Clinic admits that Magnite may be present on the Health Library page, which by design and as a matter of law does not collect or receive PHI. Relevant to the other webpages identified in the Complaint—"Find a Doctor" (i.e., Find a Provider), Appointment

Scheduling, MyChart, Find a Location, and Website Search—Cleveland Clinic denies those pages contain Magnite. The remaining allegations in this paragraph do not involve Cleveland Clinic or its Website, therefore Cleveland Clinic is without sufficient knowledge or information to admit or deny the allegations, and on that basis Cleveland Clinic denies the allegations.

48. Cleveland Clinic admits that Casale Media may be present on the Health Library page, which by design and as a matter of law does not collect or receive PHI. Relevant to the other webpages identified in the Complaint—"Find a Doctor" (i.e., Find a Provider), Appointment Scheduling, MyChart, Find a Location, and Website Search—Cleveland Clinic denies those pages contain Casale Media. The remaining allegations in this paragraph do not involve Cleveland Clinic or its Website, therefore Cleveland Clinic is without sufficient knowledge or information to admit or deny the allegations, and on that basis Cleveland Clinic denies the allegations.

49. Cleveland Clinic admits that OpenX may be present on the Health Library page, which by design and as a matter of law does not collect or receive PHI. Relevant to the other webpages identified in the Complaint—"Find a Doctor" (i.e., Find a Provider), Appointment Scheduling, MyChart, Find a Location, and Website Search—Cleveland Clinic denies those pages contain OpenX. The remaining allegations in this paragraph do not involve Cleveland Clinic or its Website, therefore Cleveland Clinic is without sufficient knowledge or information to admit or deny the allegations, and on that basis Cleveland Clinic denies the allegations.

50. This paragraph does not contain a factual allegation involving Cleveland Clinic or its Website, therefore Cleveland Clinic is without sufficient knowledge or information to admit or deny the allegations, and on that basis Cleveland Clinic denies the allegations.

*v. Visitors to the Website Reasonably Expect Their Information to Stay Private*

51. Cleveland Clinic admits in part that it operates certain portions of the Website, as defined in the Complaint, which allows users to search for information including physicians, specialties, medical conditions and treatments, and locations. Cleveland Clinic denies all other remaining allegations in this Paragraph 51.

52. Cleveland Clinic is unable to admit or deny whether Plaintiffs or putative class members provided Cleveland Clinic with any information let alone PHI or sensitive personal information, and on that basis Cleveland Clinic denies the allegations.

53. Cleveland Clinic is unable to admit or deny whether Plaintiffs or putative class members had a reasonable expectation of privacy on the Website, and on that basis Cleveland Clinic denies the allegations. Cleveland Clinic responds that this paragraph contains a legal conclusion to which no response is required, and on that basis Cleveland Clinic denies the allegations.

54. Cleveland Clinic responds that this paragraph contains a legal conclusion to which no response is required, and on that basis Cleveland Clinic denies the allegations. Publications in the Federal Register speak for themselves and on that basis Cleveland Clinic further denies these allegations.

55. Cleveland Clinic responds that this paragraph contains a legal conclusion to which no response is required, and on that basis Cleveland Clinic denies the allegations. To the extent a response is required, Cleveland Clinic denies that it violated HIPAA. Adobe Analytics operates on the Website pursuant to a software licensing agreement which is subject to a DPA and a BAA under HIPAA. Separately, Cleveland Clinic's use of certain Programmatic Advertising Tools is limited to select webpages on the Website, including its Health Library page which by design and as a matter of law does not collect or receive PHI. *See Smith v. Facebook, Inc.*, 262 F. Supp. 3d

954–55 (N.D. Cal. 2017), *aff'd*, 745 F. App'x 8 (9th Cir. 2018); *Am. Hosp. Ass'n v. Becerra*, 738 F. Supp. 3d 780, 804 (N.D. Tex. 2024).

56. Denied.

57. Cleveland Clinic responds that this paragraph contains a legal conclusion to which no response is required, and on that basis Cleveland Clinic denies the allegations. Publications in the Federal Trade Commission ("FTC") and the Department of Health & Human Services ("DHS") speak for themselves and on that basis Cleveland Clinic further denies these allegations. Cleveland Clinic notes, moreover, that the district court recently struck down portions of OCR's guidance. *See Am. Hosp. Ass'n, et al. v. Becerra*, No. 4:23-cv- 01110-P, 2024 WL 3075865, at *14 (N.D. Tex. June 20, 2024).

58. Cleveland Clinic responds that this paragraph contains a legal conclusion to which no response is required, and on that basis Cleveland Clinic denies the allegations. Cleveland Clinic denies that it knowingly or otherwise shared information constituting Website users' PHI or other sensitive personal information with unauthorized third parties. Cleveland Clinic admits Adobe Analytics is present on certain pages of the Website pursuant to a software licensing agreement which is subject to a DPA and a BAA under HIPAA. Separately, Cleveland Clinic admits that Programmatic Advertising Tools are present on select webpages on the Website, including its Health Library page which by design and as a matter of law does not collect or receive protected health information. Relevant to the other webpages identified in the Complaint—"Find a Doctor" (i.e., Find a Provider), Appointment Scheduling, MyChart, Find a Location, and Website Search—Cleveland Clinic denies those pages contain Programmatic Advertising Tools.

59. Cleveland Clinic is unable to admit or deny whether Plaintiffs or putative class members had a reasonable expectation of privacy on the Website, and on that basis Cleveland

Clinic denies the allegations. The Notice of Privacy Practices speaks for itself and on that basis Cleveland Clinic denies the allegations. Cleveland Clinic denies that any representation in the Notice of Privacy Practices is false. Cleveland Clinic admits Adobe Analytics is present on certain pages of the Website pursuant to a software licensing agreement which is subject to a DPA and a BAA under HIPAA. Separately, Cleveland Clinic admits that Programmatic Advertising Tools are present on select webpages on the Website, including its Health Library page which by design and as a matter of law does not collect or receive PHI. Relevant to the other webpages identified in the Complaint—"Find a Doctor" (i.e., Find a Provider), Appointment Scheduling, MyChart, Find a Location, and Website Search—Cleveland Clinic denies those pages contain Programmatic Advertising Tools. Cleveland Clinic denies that it knowingly or otherwise shared Website users' PHI or other sensitive personal information with unauthorized third parties let alone shared for advertising purposes.

60. To the extent this Paragraph 60 contains Plaintiffs' understanding of how Adobe, Google, Amazon, Magnite, Index Exchange, and OpenX operate on the Website, Cleveland Clinic is without sufficient information to admit or deny, and on that basis Cleveland Clinic denies the allegations. Cleveland Clinic admits Adobe Analytics is present on certain pages of the Website pursuant to a software licensing agreement which is subject to a DPA and a BAA under HIPAA. Separately, Cleveland Clinic admits that Programmatic Advertising Tools are present on select public-facing and unauthenticated (i.e., no login required) webpages on the Website, including its Health Library page which by design and as a matter of law do not collect or receive PHI. *See Smith v. Facebook, Inc.*, 262 F. Supp. 3d 954–55 (N.D. Cal. 2017), *aff'd*, 745 F. App'x 8 (9th Cir. 2018); *Am. Hosp. Ass'n v. Becerra*, 738 F. Supp. 3d 780, 804 (N.D. Tex. 2024). Relevant to the other webpages identified in the Complaint—"Find a Doctor" (i.e., Find a Provider), Appointment

Scheduling, MyChart, Find a Location, and Website Search—Cleveland Clinic denies those pages contain Programmatic Advertising Tools. Cleveland Clinic denies that it knowingly or otherwise shared Website users' PHI or sensitive personal information with unauthorized third parties. Cleveland Clinic denies that any "interception" occurred.

*vi. Defendant's (sic) Implementation of the Trackers*

61. To the extent this Paragraph 61 contains Plaintiffs' understanding of how Adobe, Google, Amazon, Magnite, Index Exchange, and OpenX operate on the Website, Cleveland Clinic is without sufficient information to admit or deny, and on that basis Cleveland Clinic denies the allegations. Cleveland Clinic admits Adobe Analytics is present on certain pages of the Website pursuant to a software licensing agreement which is subject to a DPA and a BAA under HIPAA.. Separately, Cleveland Clinic admits that Programmatic Advertising Tools are present on select public-facing and unauthenticated (i.e., no login required) webpages on the Website, including its Health Library page which by design and as a matter of law does not collect or receive PHI. *See Smith v. Facebook, Inc.*, 262 F. Supp. 3d 954–55 (N.D. Cal. 2017), *aff'd*, 745 F. App'x 8 (9th Cir. 2018); *Am. Hosp. Ass'n v. Becerra*, 738 F. Supp. 3d 780, 804 (N.D. Tex. 2024). Relevant to the other webpages identified in the Complaint—"Find a Doctor" (i.e., Find a Provider), Appointment Scheduling, MyChart, Find a Location, and Website Search—Cleveland Clinic denies those pages contain Programmatic Advertising Tools. Cleveland Clinic denies that it knowingly or otherwise shared Website users' PHI or other sensitive personal information with unauthorized third parties. Cleveland Clinic denies that any "interception" occurred. Cleveland Clinic denies that any use of Adobe Analytics or Programmatic Advertising Tools on the Website was "without proper consent" as Cleveland Clinic discloses its data collection, use and sharing practices on its Website,

including the use of digital tracking tools, in its Privacy Policies and/or in its Terms of Use, Notice of Privacy Practices, Privacy Policies, and other user-facing statements. *See* Exs. C–E.

62. To the extent this Paragraph 62 contains Plaintiffs' understanding of how Adobe, Google, Amazon, Magnite, Index Exchange, and OpenX operate on the Website, Cleveland Clinic is without sufficient information to admit or deny, and on that basis Cleveland Clinic denies the allegations. Cleveland Clinic admits Adobe Analytics is present on certain pages of the Website pursuant to a software licensing agreement which is subject to a DPA and a BAA under HIPAA.. Separately, Cleveland Clinic admits that Programmatic Advertising Tools are present on select public-facing and unauthenticated (i.e., no login required) webpages on the Website, including its Health Library page which by design and as a matter of law does not collect or receive PHI. *See Smith v. Facebook, Inc.*, 262 F. Supp. 3d 954–55 (N.D. Cal. 2017), *aff'd*, 745 F. App'x 8 (9th Cir. 2018); *Am. Hosp. Ass'n v. Becerra*, 738 F. Supp. 3d 780, 804 (N.D. Tex. 2024). Relevant to the other webpages identified in the Complaint—"Find a Doctor" (i.e., Find a Provider), Appointment Scheduling, MyChart, Find a Location, and Website Search—Cleveland Clinic denies those pages contain Programmatic Advertising Tools. Cleveland Clinic denies that it knowingly or otherwise shared Website users' PHI or other sensitive personal information with unauthorized third parties. Cleveland Clinic denies that any "interception" occurred.

63. To the extent this Paragraph 63 contains Plaintiffs' understanding of how Adobe, Google, Amazon, Magnite, Index Exchange, and OpenX operate on the Website, Cleveland Clinic is without sufficient information to admit or deny, and on that basis Cleveland Clinic denies the allegations. Cleveland Clinic admits Adobe Analytics is present on certain pages of the Website pursuant to a software licensing agreement which is subject to a DPA and a BAA under HIPAA. Separately, Cleveland Clinic admits that Programmatic Advertising Tools are present on select

public-facing and unauthenticated (i.e., no login required) webpages on the Website, including its Health Library page which by design and as a matter of law does not collect or receive PHI. *See Smith v. Facebook, Inc.*, 262 F. Supp. 3d 954–55 (N.D. Cal. 2017), *aff'd*, 745 F. App'x 8 (9th Cir. 2018); *Am. Hosp. Ass'n v. Becerra*, 738 F. Supp. 3d 780, 804 (N.D. Tex. 2024). Relevant to the other webpages identified in the Complaint—"Find a Doctor" (i.e., Find a Provider), Appointment Scheduling, MyChart, Find a Location, and Website Search—Cleveland Clinic denies those pages contain Programmatic Advertising Tools. Cleveland Clinic denies that it knowingly or otherwise shared Website users' PHI or other sensitive personal information with unauthorized third parties. Cleveland Clinic denies that any "interception" occurred.

64. To the extent this Paragraph 64 contains Plaintiffs' understanding of how Adobe, Google, Amazon, Magnite, Index Exchange, and OpenX operate on the Website, Cleveland Clinic is without sufficient information to admit or deny, and on that basis Cleveland Clinic denies the allegations. Cleveland Clinic admits Adobe Analytics is present on certain pages of the Website pursuant to a software licensing agreement which is subject to a DPA and a BAA under HIPAA. Separately, Cleveland Clinic admits that certain Programmatic Advertising Tools are present on select public-facing and unauthenticated (i.e., no login required) webpages on the Website, including its Health Library page, which by design and as a matter of law does not collect or receive PHI. *See Smith v. Facebook, Inc.*, 262 F. Supp. 3d 954–55 (N.D. Cal. 2017), *aff'd*, 745 F. App'x 8 (9th Cir. 2018); *Am. Hosp. Ass'n v. Becerra*, 738 F. Supp. 3d 780, 804 (N.D. Tex. 2024). Relevant to the other webpages identified in the Complaint—"Find a Doctor" (i.e., Find a Provider), Appointment Scheduling, MyChart, Find a Location, and Website Search—Cleveland Clinic denies those pages contain Programmatic Advertising Tools. Cleveland Clinic denies that

it knowingly or otherwise shared Website users' PHI or other sensitive personal information with unauthorized third parties.

65. To the extent this Paragraph 64 contains Plaintiffs' understanding of how Adobe, Google, Amazon, Magnite, Index Exchange, and OpenX operate on the Website, Cleveland Clinic is without sufficient information to admit or deny, and on that basis Cleveland Clinic denies the allegations. Cleveland Clinic admits Adobe Analytics is present on certain pages of the Website pursuant to a software licensing agreement which is subject to a DPA and a BAA under HIPAA. Separately, Cleveland Clinic admits that Programmatic Advertising Tools are present on select public-facing and unauthenticated (i.e., no login required) webpages on the Website, including its Health Library page which by design and as a matter of law does not collect or receive PHI. *See Smith v. Facebook, Inc.*, 262 F. Supp. 3d 954–55 (N.D. Cal. 2017), *aff'd*, 745 F. App'x 8 (9th Cir. 2018); *Am. Hosp. Ass'n v. Becerra*, 738 F. Supp. 3d 780, 804 (N.D. Tex. 2024). Relevant to the other webpages identified in the Complaint—"Find a Doctor" (i.e., Find a Provider), Appointment Scheduling, MyChart, Find a Location, and Website Search—Cleveland Clinic denies those pages contain Programmatic Advertising Tools. Cleveland Clinic denies that it knowingly or otherwise shared Website users' PHI or other sensitive personal information with unauthorized third parties. Cleveland Clinic denies that any "interception" occurred.

66. Cleveland Clinic denies that it procures the interception of PHI or other sensitive personal information because Cleveland Clinic utilizes Adobe Analytics on the Website pursuant to a software licensing agreement which is subject to a DPA and a BAA under HIPAA. Separately, Cleveland Clinic utilizes Programmatic Advertising Tools on select webpages on the Website, including its Health Library page which by design and as a matter of law does not collect or receive PHI. *See Smith v. Facebook, Inc.*, 262 F. Supp. 3d 954–55 (N.D. Cal. 2017), *aff'd*, 745 F. App'x

8 (9th Cir. 2018); *Am. Hosp. Ass'n v. Becerra*, 738 F. Supp. 3d 780, 804 (N.D. Tex. 2024). Relevant to the other webpages identified in the Complaint—"Find a Doctor" (i.e., Find a Provider), Appointment Scheduling, MyChart, Find a Location, and Website Search—Cleveland Clinic denies those pages contain Programmatic Advertising Tools.

*vi. Examples of Personal Data Collection and Disclosure on the Cleveland Clinic Website*

67. Cleveland Clinic denies that it procures the interception of PHI or other sensitive personal information because Cleveland Clinic utilizes Adobe Analytics on the Website pursuant to a software licensing agreement which is subject to a DPA and a BAA under HIPAA. Separately, Cleveland Clinic utilizes Programmatic Advertising Tools on select webpages on the Website, including its Health Library page which by design and as a matter of law does not collect or receive PHI. *See Smith v. Facebook, Inc.*, 262 F. Supp. 3d 954–55 (N.D. Cal. 2017), *aff'd*, 745 F. App'x 8 (9th Cir. 2018); *Am. Hosp. Ass'n v. Becerra*, 738 F. Supp. 3d 780, 804 (N.D. Tex. 2024). Relevant to the other webpages identified in the Complaint—"Find a Doctor" (i.e., Find a Provider), Appointment Scheduling, MyChart, Find a Location, and Website

68. Cleveland Clinic admits in part that it operates certain portions of the Website, including the subpage https://my.clevelandclinic.org/providers that allows Website users to search for practitioners and filter the results based on criteria such as city, department, gender, and languages. Cleveland Clinic admits this webpage is available to be navigated to by an internet user. The image referenced in Paragraph 68 speaks for itself, and on that basis Cleveland Clinic denies the allegations. Paragraph 68 contains a hypothetical to which no response is required, and on that basis Cleveland Clinic further denies the allegations.

69. To the extent this Paragraph 69 contains Plaintiffs' understanding of how Adobe Analytics operates on the Website, Cleveland Clinic is without sufficient information to admit or

deny, and on that basis Cleveland Clinic denies the allegations. The image referenced in Paragraph 69 speaks for itself, and on that basis Cleveland Clinic denies the allegations. Paragraph 69 contains a hypothetical to which no response is required, and on that basis Cleveland Clinic further denies the allegations.

70. Cleveland Clinic admits in part that it operates certain portions of the Website, including the subpage https://my.clevelandclinic.org/patients/information/access that allows Website users to schedule appointments. Cleveland Clinic admits this webpage is available to be navigated to by an internet user. Cleveland Clinic denies the Website contains a "Schedule an Appointment" webpage. The image referenced in Paragraph 70 speaks for itself, and on that basis Cleveland Clinic denies the allegations. Paragraph 70 contains a hypothetical to which no response is required, and on that basis Cleveland Clinic further denies the allegations.

71. To the extent this Paragraph 71 contains Plaintiffs' understanding of how Adobe Analytics operates on the Website, Cleveland Clinic is without sufficient information to admit or deny, and on that basis Cleveland Clinic denies the allegations. The image referenced in Paragraph 71 speaks for itself, and on that basis Cleveland Clinic denies the allegations. Paragraph 71 contains a hypothetical to which no response is required, and on that basis Cleveland Clinic further denies the allegations.

72. To the extent this Paragraph 72 contains Plaintiffs' understanding of how Adobe, Analytics operates, Cleveland Clinic is without sufficient information to admit or deny, and on that basis Cleveland Clinic denies the allegations. This paragraph does not reference a specific image and as such Cleveland Clinic is without sufficient information to admit or deny this allegation. To the extent this paragraph contains Plaintiffs' understanding of how Adobe Analytics

operates on the Website, Cleveland Clinic is without sufficient information to admit or deny, and on that basis Cleveland Clinic denies the allegations.

73. Cleveland Clinic admits in part that it operates certain portions of the Website, including the subpage https://my.clevelandclinic.org/online-services/mychart. To the extent this Paragraph 73 contains Plaintiffs' understanding of how Adobe Analytics operates on the Website, Cleveland Clinic is without sufficient information to admit or deny, and on that basis Cleveland Clinic denies the allegations. The images referenced in Paragraph 73 speak for themselves, and on that basis Cleveland Clinic denies the allegations. Paragraph 73 contains a hypothetical to which no response is required, and on that basis Cleveland Clinic further denies the allegations.

74. Cleveland Clinic admits in part that it operates certain portions of the Website, including the subpage https://my.clevelandclinic.org/locations, which allows Website users to identify Cleveland Clinic locations. To choose the most convenient Cleveland Clinic, Website users have the option of sharing their location with Cleveland Clinic. To the extent this Paragraph 74 contains Plaintiffs' understanding of how Adobe Analytics operates, Cleveland Clinic is without sufficient information to admit or deny, and on that basis Cleveland Clinic denies the allegations. The images referenced in Paragraph 74 speak for themselves, and on that basis Cleveland Clinic denies the allegations. Paragraph 74 contains a hypothetical to which no response is required, and on that basis Cleveland Clinic further denies the allegations.

75. Cleveland Clinic admits in part that it operates certain portions of the Website, including the subpage https://my.clevelandclinic.org/health. To the extent this Paragraph 75 contains Plaintiffs' understanding of how Adobe Analytics operates, Cleveland Clinic is without sufficient information to admit or deny, and on that basis Cleveland Clinic denies the allegations. The images referenced in Paragraph 75 speak for themselves, and on that basis Cleveland Clinic

denies the allegations. Paragraph 75 contains a hypothetical to which no response is required, and on that basis Cleveland Clinic further denies the allegations.

76. Cleveland Clinic admits in part that it operates certain portions of the Website, including the subpage https://my.clevelandclinic.org/search**.** To the extent this Paragraph 76 contains Plaintiffs' understanding of how Adobe Analytics operates, Cleveland Clinic is without sufficient information to admit or deny, and on that basis Cleveland Clinic denies the allegations. The images referenced in Paragraph 76 speak for themselves, and on that basis Cleveland Clinic denies the allegations. Paragraph 76 contains a hypothetical to which no response is required, and on that basis Cleveland Clinic further denies the allegations.

77. To the extent this paragraph contains Plaintiffs' understanding of how Adobe Analytics operates on the Website, Cleveland Clinic is without sufficient information to admit or deny, and on that basis Cleveland Clinic denies the allegations.

78. To the extent this paragraph contains Plaintiffs' understanding of how Adobe, Google, Amazon, Magnite, Index Exchange, and OpenX operate on the Website, Cleveland Clinic is without sufficient information to admit or deny, and on that basis Cleveland Clinic denies the allegations.

*vii. Defendant's (sic) Responsibility for the Interception of Electronic Communications*

79. Denied.

80. To the extent this paragraph contains Plaintiffs' understanding of how Adobe, Google, Amazon, Magnite, Index Exchange, and OpenX operate on the Website, Cleveland Clinic is without sufficient information to admit or deny, and on that basis Cleveland Clinic denies the allegations. Cleveland Clinic admits Adobe Analytics is present on certain pages of the Website pursuant to a software licensing agreement which is subject to a DPA and a BAA under HIPAA.

Separately, Cleveland Clinic admits that Programmatic Advertising Tools are present on select webpages on the Website, including its Health Library page which by design and as a matter of law does not collect or receive PHI. Relevant to the other webpages identified in the Complaint—"Find a Doctor" (i.e., Find a Provider), Appointment Scheduling, MyChart, Find a Location, and Website Search—Cleveland Clinic denies those pages contain Programmatic Advertising Tools.

81. Cleveland Clinic admits Adobe Analytics is present on certain pages of the Website pursuant to a software licensing agreement which is subject to a DPA and a BAA under HIPAA. Separately, Cleveland Clinic admits that Programmatic Advertising Tools are present on select webpages on the Website, including its Health Library page which by design and as a matter of law does not collect or receive PHI. Relevant to the other webpages identified in the Complaint—"Find a Doctor" (i.e., Find a Provider), Appointment Scheduling, MyChart, Find a Location, and Website Search—Cleveland Clinic denies those pages contain Programmatic Advertising Tools.

82. Denied.

83. Denied.

84. Cleveland Clinic responds that this paragraph contains a legal conclusion to which no response is required, and on that basis Cleveland Clinic denies the allegations.

85. Cleveland Clinic denies that it has intercepted Plaintiffs or any putative class member's wire or electronic communications or done so without consent in its operation of the Website. Cleveland Clinic discloses its data collection, use and sharing practices on its Website, including the use of digital tracking tools, in its Privacy Policies and/or its Terms of Use, Notice of Privacy Practices, and other user-facing statements. *See, e.g.,* Exs. C–E.

86. Cleveland Clinic admits that its Privacy Policy accessible on the Website and the Privacy Policy speaks for itself, and on that basis Cleveland Clinic denies the allegations.

Cleveland Clinic responds that this paragraph contains a legal conclusion to which no response is required, and on that basis Cleveland Clinic denies the allegations. All other allegations in Paragraph 86 are denied.

87. Cleveland Clinic admits that its Privacy Policy accessible on the Website and the Privacy Policy speaks for itself, and on that basis Cleveland Clinic denies the allegations. Cleveland Clinic denies that it knowingly or otherwise shared Website users' PHI or other sensitive personal information with unauthorized third parties.

88. Cleveland Clinic admits that its Privacy Policy is accessible on the Website and the Privacy Policy speaks for itself, and on that basis Cleveland Clinic denies the allegations.

89. Cleveland Clinic admits that its Privacy Policy is accessible on the Website and the Privacy Policy speaks for itself, and on that basis Cleveland Clinic denies the allegations. Cleveland Clinic denies that it knowingly or otherwise shared Website users' PHI or sensitive personal information with unauthorized third parties.

90. Cleveland Clinic admits that its Privacy Policy accessible on the Website and the Privacy Policy speaks for itself, and on that basis Cleveland Clinic denies the allegations. Cleveland Clinic responds that this paragraph contains a legal conclusion to which no response is required, and on that basis Cleveland Clinic denies the allegations. All other allegations in Paragraph 90 are denied.

**INJURY TO PLAINTIFFS AND CLASS MEMBERS**

91. Cleveland Clinic responds that this paragraph contains a legal conclusion to which no response is required, and on that basis Cleveland Clinic denies the allegations. Cleveland Clinic further denies that it knowingly or otherwise shared Website users' PHI or other sensitive personal information with unauthorized third parties.

92. Cleveland Clinic responds that this paragraph contains a legal conclusion to which no response is required, and on that basis Cleveland Clinic denies the allegations. To the extent a response is required, Cleveland Clinic denies that Plaintiffs or any putative class member is entitled to any relief whether at law or equity or that Plaintiffs have stated a claim upon which relief may be granted. Cleveland Clinic further denies it has procured unauthorized interception of Website user's communications. Cleveland Clinic denies any person has suffered harm.

93. Cleveland Clinic responds that this paragraph contains a legal conclusion to which no response is required, and on that basis Cleveland Clinic denies the allegations. To the extent a response is required, Cleveland Clinic is without sufficient knowledge or information to admit or deny the allegations, and on that basis Cleveland Clinic further denies these allegations.

94. This paragraph does not contain a factual allegation involving Cleveland Clinic or its Website, therefore Cleveland Clinic is without sufficient knowledge or information to admit or deny the allegations, and on that basis Cleveland Clinic denies the allegations. Publications in the FTC—the sources referenced in this paragraph and footnotes 3 and 4—speak for themselves and on that basis Cleveland Clinic further denies these allegations.

95. This paragraph does not contain a factual allegation involving Cleveland Clinic or its Website, therefore Cleveland Clinic is without sufficient knowledge or information to admit or deny the allegations, and on that basis Cleveland Clinic denies the allegations.

96. This paragraph does not contain a factual allegation involving Cleveland Clinic or its Website, therefore Cleveland Clinic is without sufficient knowledge or information to admit or deny the allegations, and on that basis Cleveland Clinic denies the allegations. The source referenced in this paragraph and footnote 5 speaks for itself, and on that basis Cleveland Clinic denies the allegations.

97. This paragraph does not contain a factual allegation involving Cleveland Clinic or its Website, therefore Cleveland Clinic is without sufficient knowledge or information to admit or deny the allegations, and on that basis Cleveland Clinic denies the allegations. The source referenced in this paragraph and footnote 6 speaks for itself, and on that basis Cleveland Clinic denies the allegations.

98. Cleveland Clinic is without sufficient information to admit or deny the allegations regarding the monetary and economic value of Plaintiffs' and putative class members personal information, and on that basis Cleveland Clinic denies the allegations. To the extent this paragraph contains Plaintiffs' understanding of how Adobe, Google, Amazon, Magnite, Index Exchange, and OpenX operate on the Website, Cleveland Clinic is without sufficient information to admit or deny, and on that basis Cleveland Clinic denies the allegations. Cleveland Clinic admits Adobe Analytics is present on certain pages of the Website pursuant to a software licensing agreement which is subject to a DPA and a BAA under HIPAA. Separately, Cleveland Clinic admits that Programmatic Advertising Tools are present on select webpages on the Website, including its Health Library page which by design and as a matter of law does not collect or receive PHI Relevant to the other webpages identified in the Complaint—"Find a Doctor" (i.e., Find a Provider), Appointment Scheduling, MyChart, Find a Location, and Website Search—Cleveland Clinic denies those pages contain Programmatic Advertising Tools.

99. Denied.

100. To the extent this paragraph contains Plaintiffs' understanding of how Adobe, Google, Amazon, Magnite, Index Exchange, and OpenX operate on the Website, Cleveland Clinic is without sufficient information to admit or deny, and on that basis Cleveland Clinic denies the allegations. Cleveland Clinic admits Adobe Analytics is present on certain pages of the Website

pursuant to a software licensing agreement which is subject to a DPA and a BAA under HIPAA. Separately, Cleveland Clinic admits that Programmatic Advertising Tools are present on select webpages on the Website, including its Health Library page which by design and as a matter of law does not collect or receive PHI. Relevant to the other webpages identified in the Complaint—"Find a Doctor" (i.e., Find a Provider), Appointment Scheduling, MyChart, Find a Location, and Website Search—Cleveland Clinic denies those pages contain Programmatic Advertising Tools. Cleveland Clinic denies that it knowingly or otherwise shared Website users' PHI or other sensitive personal information with unauthorized third parties. Cleveland Clinic denies that any "interception" occurred.

101. Denied.

## PLAINTIFFS' EXPERIENCES

102. Cleveland Clinic admits that Plaintiff Anna Weatherly is a patient of Cleveland Clinic. Cleveland Clinic is without sufficient information to admit or deny the remaining allegations in this paragraph, and on that basis Cleveland Clinic denies the remaining allegations.

103. Cleveland Clinic is without sufficient information to admit or deny the allegations in this paragraph, and on that basis Cleveland Clinic denies the allegations.

104. Cleveland Clinic admits that Plaintiff Pamela Charney is a patient of Cleveland Clinic. Cleveland Clinic is without sufficient information to admit or deny the remaining allegations in this paragraph, and on that basis Cleveland Clinic denies the remaining allegations.

105. Cleveland Clinic is without sufficient information to admit or deny the remaining allegations in this paragraph, and on that basis Cleveland Clinic denies the remaining allegations.

## CLASS ACTION ALLEGATIONS

106. Cleveland Clinic admits Plaintiffs filed a putative class action complaint. Cleveland Clinic denies that the action may be brought by Plaintiffs individually or maintained as a class action, as well as any other allegations in this paragraph.

107. Cleveland Clinic admits Plaintiffs filed a putative class action complaint. Cleveland Clinic denies that the action may be brought by Plaintiffs individually or maintained as a class action, as well as any other allegations in this paragraph.

108. Cleveland Clinic admits Plaintiffs filed a putative class action complaint. Cleveland Clinic denies that the action may be brought by Plaintiffs individually or maintained as a class action, as well as any other allegations in this paragraph.

109. Cleveland Clinic admits Plaintiffs filed a putative class action complaint. Cleveland Clinic denies that the action may be brought by Plaintiffs individually or maintained as a class action, as well as any other allegations in this paragraph.

110. Cleveland Clinic admits Plaintiffs filed a putative class action complaint. Cleveland Clinic denies that the action may be brought by Plaintiffs individually or maintained as a class action, as well as any other allegations in this paragraph.

111. Denied.

112. This allegation includes Plaintiffs' description of numerosity to which no response is required. To the extent a response is required, Cleveland Clinic denies that the action may be brought by Plaintiffs individually or maintained as a class action, as well as any other allegations in this paragraph.

113. This allegation includes Plaintiffs' description of commonality and predominance to which no response is required. To the extent a response is required, Cleveland Clinic denies that

the action may be brought by Plaintiffs individually or maintained as a class action, as well as any other allegations in this paragraph.

114. This allegation includes Plaintiffs' description of typicality to which no response is required. To the extent a response is required, Cleveland Clinic denies that the action may be brought by Plaintiffs individually or maintained as a class action, as well as any other allegations in this paragraph.

115. This allegation includes Plaintiffs' description of adequacy to which no response is required. To the extent a response is required, Cleveland Clinic denies that the action may be brought by Plaintiffs individually or maintained as a class action, as well as any other allegations in this paragraph.

116. This allegation includes Plaintiffs' description of superiority to which no response is required. To the extent a response is required, Cleveland Clinic denies that the action may be brought by Plaintiffs individually or maintained as a class action, as well as any other allegations in this paragraph.

117. Cleveland Clinic responds that this paragraph contains a legal conclusion to which no response is required, and on that basis Cleveland Clinic denies the allegations.

## CAUSES OF ACTION

### COUNT I:

### Violations of the Electronic Communications Privacy Act (18 U.S.C. § 2511)

### (On behalf of the Nationwide Class)

118. The ECPA speaks for itself, and on that basis Cleveland Clinic denies the allegations.

119. The ECPA speaks for itself, and on that basis Cleveland Clinic denies the allegations.

120. Cleveland Clinic responds that this paragraph contains a legal conclusion to which no response is required, and on that basis Cleveland Clinic denies the allegations. The ECPA speaks for itself, and on that basis Cleveland Clinic denies the allegations.

121. The ECPA speaks for itself, and on that basis Cleveland Clinic denies the allegations.

122. Cleveland Clinic responds that this paragraph contains a legal conclusion to which no response is required, and on that basis Cleveland Clinic denies the allegations. The ECPA speaks for itself, and on that basis Cleveland Clinic denies the allegations.

123. Cleveland Clinic responds that this paragraph contains a legal conclusion to which no response is required, and on that basis Cleveland Clinic denies the allegations. The ECPA speaks for itself, and on that basis Cleveland Clinic denies the allegations.

124. Denied.

125. Denied.

126. Denied.

127. Cleveland Clinic is unable to admit or deny what Plaintiffs' and the putative class members' expectations or hypothetical actions were or could be, and on that basis Cleveland Clinic denies the allegations. Cleveland Clinic otherwise denies the remaining allegations in this paragraph.

128. Cleveland Clinic denies that health information is shared with third parties. Cleveland Clinic denies that users did not consent to the Website's Terms of Use, Privacy Policy, and Notice of Privacy Practices.

129. Cleveland Clinic responds that this paragraph contains a legal conclusion to which no response is required, and on that basis Cleveland Clinic denies the allegations. The ECPA speaks for itself, and on that basis Cleveland Clinic denies the allegations.

130. Denied.

**COUNT II:**

**Violations of the Florida Security of Communications Act (Fla. Stat. § 934.03)**

**(Florida Subclass)**

131. The FSCA speaks for itself, and on that basis Cleveland Clinic denies the allegations.

132. The FSCA speaks for itself, and on that basis Cleveland Clinic denies the allegations.

133. The FSCA speaks for itself, and on that basis Cleveland Clinic denies the allegations.

134. The FSCA speaks for itself, and on that basis Cleveland Clinic denies the allegations.

135. Denied.

136. Cleveland Clinic responds that this paragraph contains a legal conclusion to which no response is required, and on that basis Cleveland Clinic denies the allegations. The FSCA speaks for itself, and on that basis Cleveland Clinic denies the allegations.

137. Denied.

138. Denied.

139. Denied.

140. Denied.

141. Denied.

142. Denied.

**COUNT III:**

**Invasion of Privacy — Intrusion upon Seclusion**

**(On behalf of Nationwide Class)**

143. Cleveland Clinic responds that this paragraph contains a legal conclusion to which no response is required, and on that basis Cleveland Clinic denies the allegations.

144. Cleveland Clinic is unable to admit or deny what Plaintiffs' expectations or hypothetical actions were or could be, and on that basis Cleveland Clinic denies the allegations.

145. Cleveland Clinic responds that this paragraph contains a legal conclusion to which no response is required, and on that basis Cleveland Clinic denies the allegations. Cleveland Clinic denies that the Trackers intercept PHI or other sensitive personal information without proper authorization or consent.

146. Denied.

147. Denied.

148. Denied.

149. Denied.

150. Denied.

**COUNT IV:**

**Unjust Enrichment**

**(On behalf of Nationwide Class)**

151. Denied.

152. Denied.

153. Denied.

154. Denied.

155. Denied.

156. Denied.

**PRAYER FOR RELIEF**

This section of the Complaint contains Plaintiffs' requested relief, to which no response is required. To the extent a response is required, Cleveland Clinic denies that Plaintiffs are entitled to any of the relief requested.

**AFFIRMATIVE DEFENSES TO COMPLAINT**

**FIRST AFFIRMATIVE DEFENSE**

**(FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED)**

Plaintiffs and/or putative class members fail to state any claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(LACK OF STANDING)**

Plaintiffs' claims, and those claims Plaintiffs purport to bring on behalf of members of the putative class, are barred in whole or in part because Plaintiffs and the putative class members lack standing to assert the alleged claims. Plaintiffs and the putative class members have not suffered an injury-in-fact that is fairly traceable to Cleveland Clinic.

**THIRD AFFIRMATIVE DEFENSE**

**(CONSENT/RATIFICATION)**

Plaintiffs and/or the putative class members consented and/or ratified the activities alleged in the Complaint because, without limitation, by using the Website, Plaintiffs and the putative class

members gave consent to Cleveland Clinic's use of common website analytics. Furthermore, by using the Website, Plaintiffs and the putative class members consented to the Terms of Use, Privacy Policy, Notice of Privacy Practices, and other user-facing statements describing Cleveland Clinic's data collection, use and sharing practices.

**FOURTH AFFIRMATIVE DEFENSE**

**(ACTS OF THIRD PARTIES)**

The damages or injuries allegedly suffered by Plaintiffs and/or the putative class members, if any, are attributable in full or in part to the conduct, deeds, words, acts and/or omissions of third parties, and not Cleveland Clinic. Such conduct may include, but is not limited to, the independent actions of the third-party technology providers, advertising networks, or Plaintiffs' and/or the putative class members' own actions in configuring their web browsers, installing browser extensions, or managing their device settings, which broke any chain of causation between Cleveland Clinic's alleged conduct and any purported harm.

**FIFTH AFFIRMATIVE DEFENSE**

**(FAILURE TO MITIGATE DAMAGES)**

Plaintiffs and/or the putative class failed to mitigate damages, if any damages exist, which results in a reduction of damages by the amounts by which Plaintiffs and/or the putative class members could have mitigated damages but did not do so.

**SIXTH AFFIRMATIVE DEFENSE**

**(ASSUMPTION OF THE RISK)**

Plaintiffs and/or the putative class members assumed the risk that certain browsing activity on the Website could be shared third parties, including but not limited to, not utilizing their own browser and/or device privacy settings, and/or not opting out on Cleveland Clinic's Website.

**SEVENTH AFFIRMATIVE DEFENSES**

**(WAIVER/ESTOPPEL)**

Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver and/or estoppel. By continuing to access and use the Website after being placed on notice of Defendants' data collection and privacy practices via the Website's Terms of Use, Privacy Policy, Notice of Privacy Practices, and/or other user-facing statements, Plaintiffs and/or putative class members manifested an intent to relinquish any known rights related to such practices, waived any claims arising therefrom, and acquiesced in the conduct they now challenge. Accordingly, Plaintiffs are estopped from pursuing claims based on conduct they implicitly or expressly accepted through their continued use of the Website.

**EIGHTH AFFIRMATIVE DEFENSES**

**(ORDINARY COURSE/BUSINESS EXTENSION EXCEPTION)**

Plaintiffs' ECPA and FSCA claims are barred in whole or in part because Cleveland Clinic's alleged use of third-party website technologies falls within the "ordinary course of business" or "business extension exception" exception recognized under both the ECPA, 18 U.S.C. § 2511(2)(a)(i), and the FSCA, Fla. Stat. § 934.02(4). The third-party entities that own the technologies at issue acted as service providers of wire or electronic communication services, providing routine and commercially standard services such as website analytics, performance

monitoring, and advertising functionality necessary for the operation and maintenance of a modern commercial website. Cleveland Clinic's use of such services, undertaken for legitimate and lawful business purposes, was in the ordinary course of Cleveland Clinic's business.

**NINTH AFFIRMATIVE DEFENSES**

**(NO REASONABLE EXPECTATION OF PRIVACY)**

Plaintiffs' claims, and those claims Plaintiffs purport to bring on behalf of members of the putative class, are barred in whole or in part because Plaintiffs and/or the putative class members did not have a reasonable expectation of privacy when using the Website.

**TENTH AFFIRMATIVE DEFENSES**

**(ADEQUATE REMEDY AT LAW)**

Plaintiffs' unjust enrichment claim is barred, in whole or in part, because Plaintiffs and/or the putative class members have an adequate remedy at law and, thus, cannot seek equitable relief.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(EXISTENCE OF EXPRESS CONTRACT)**

Plaintiffs' unjust enrichment claim is barred, in whole or in part, because Plaintiffs' and/or the putative class members' relationship with Cleveland Clinic is governed by an express contract regarding the subject matter that is at issue. Among other contracts, Plaintiffs' and/or the putative class members agreed to the Terms of Use, Privacy Policy, Notice of Privacy Practices, and/or other user-facing statements.

**TWELFTH AFFIRMATIVE DEFENSE**

**(SETTLEMENT/RELEASE)**

Plaintiffs' claims, and those claims Plaintiffs purport to bring on behalf of members of the putative class, may be barred in whole or in part based on settlement and/or release agreements Plaintiffs and/or the putative class members may have entered into with Cleveland Clinic.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(DUE PROCESS)**

The imposition of aggregated, class-wide damages in this case would be excessive and violate Cleveland Clinic's due process and other Constitutional rights.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(IMPROPER CLASS ALLEGATIONS)**

This action is not appropriate for class treatment under Federal Rule of Civil Procedure 23. Individualized issues of law and fact predominate over any purported common questions, making a class action an inferior and unmanageable method for adjudicating this controversy. These individualized inquiries include, but are not limited to: (a) whether each putative class member actually used the Website; (b) the nature and extent of each member's use, including the differing and specific webpages visited; (c) what, if any, notice each member received regarding privacy practices or tracking technologies; (d) whether and to what extent each member consented, expressly or impliedly, to the challenged conduct; (e) the specific browser and device settings used by each member; (f) the specific information or data provided by each member; (g) whether each member suffered a concrete injury-in-fact sufficient to confer standing; and (h) the nature and amount of any alleged damages, which would require highly individualized proof.

Dated: March 10, 2026

Respectfully submitted,

**HOLLAND & KNIGHT LLP**
*Counsel for Defendants The Cleveland Clinic Foundation and Cleveland Clinic Florida Health System Nonprofit Corporation*

*/s/ Caitlin F. Saladrigas*
Caitlin F. Saladrigas, Esq.
Florida Bar Number: 95728
**HOLLAND & KNIGHT LLP**
777 South Flagler Drive
Suite 1900 – West Tower
West Palm Beach, Florida 33401
561.833.2000 telephone
561.650.8399 facsimile
caitlin.saladrigas@hklaw.com

Alexander M. Dudley, Esq.
Florida Bar Number: 1017976
515 E. Las Olas Blvd.
Suite 1200
Fort Lauderdale, Florida 33301
561.833.2000 telephone
561.650.8399 facsimile
alexander.dudley@hklaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of March 2026, I electronically filed the foregoing document with the Clerk of the Court via the CM/ECF filing system, and that a true and correct copy will be served via transmission of Notices of Electronic Filing generated by CM/ECF or by some other authorized manner on all counsel of record listed on the Service List below.

*/s/ Caitlin F. Saladrigas*
Caitlin F. Saladrigas

<u>**SERVICE LIST**</u>

Justin Parafinczuk, Esq.
Jason B. Wolf, Esq.
Rachel Cowen Lucuara, Esq.
Steven D. Resnick, Esq.(*pro hac vice pending*)
**PARAFINCZUK WOLF, P.A.**
5550 Glades Road, Suite 500
Boca Raton, FL 33431
Emails: pleadings@parawolf.com
clevelandclinic@parawolf.com
jparafinczuk@parawolf.com
jwolf@parawolf.com
rlucuara@parawolf.com
sresnick@parawolf.com

*Counsel for Plaintiffs*