**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**ANNA WEATHERLY**, and **PAMELA CHARNEY**, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

**THE CLEVELAND CLINIC FOUNDATION**, and **CLEVELAND CLINIC FLORIDA HEALTH SYSTEM NONPROFIT CORPORATION**,

Defendants.

Case No. 0-25-cv-62530-CIV-AHS

**PLAINTIFFS' RESPONSE IN OPPOSITION TO**
**DEFENDANTS' MOTION TO STAY DISCOVERY**

Defendants ask this Court to impose a blanket stay of all discovery pending the adjudication of their Motion for Judgment on the Pleadings. The Court should deny that request because stays of discovery are generally disfavored in this District and are appropriate only in specific circumstances that are absent here. Defendants have not demonstrated, and cannot demonstrate, a likelihood of success on their Motion for Judgment on the Pleadings, that Plaintiffs will suffer no prejudice from delay, or that the interests of judicial economy favor a stay. On the contrary, permitting discovery to proceed will advance the just, speedy, and inexpensive determination of this action as mandated by Federal Rule of Civil Procedure 1.[1] For these reasons

[1] "[The Federal Rules of Civil Procedure] should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." *Fed. R. Civ. P. 1*.

and the reasons set forth below, the Court should deny Defendants' Motion to Stay and direct the parties to proceed with discovery in accordance with an appropriate scheduling order.

## INTRODUCTION

On December 8, 2025, Plaintiffs Anna Weatherly and Pamela Charney filed a complaint [Dkt. No. 1] in this matter on behalf of themselves and a nationwide class alleging that Defendants The Cleveland Clinic Foundation and Cleveland Clinic Florida Health System Nonprofit Corporation ("Defendants" or "Cleveland Clinic") systematically embedded third-party tracking technologies on its website that intercepted and shared visitors' sensitive health information in violation of federal and state wiretapping and privacy laws. Compl. ¶¶ 1-3, 5. Specifically, the complaint alleges that these trackers captured personal health information, such as physician searches, medical conditions and symptoms, appointment scheduling activity, patient portal logins, and location/facility searches, then transmitted that data to various third-party companies. Compl. ¶ 4. The complaint alleges that the trackers were deliberately implemented by Cleveland Clinic and users were given no meaningful notice or opportunity to consent. Compl. ¶ 1, 5, 61. The complaint further alleges that Defendants made false statements in their privacy policies that patient health information would not be used for marketing purposes without written authorization. Compl. ¶ 87.

The complaint asserts four separate claims against Defendants. The first two are statutory wiretapping claims – one under the federal Electronic Communications Privacy Act, 18 U.S.C. § 2511, *et seq*. ("ECPA"), on behalf of a nationwide class, and one under Florida's Security of Communications Act, Fla. Stat. § 934.03 ("FSCA"), on behalf of a Florida subclass. Compl. ¶ 5, 119-130; 131-142. These claims allege that Defendants illegally intercepted users' electronic communications by embedding third-party tracking code on its website without consent. The

remaining two claims are common law claims brought on behalf of the nationwide class: intrusion upon seclusion, based on Defendants' intentional interception of sensitive private health communications in a manner that would be highly offensive to a reasonable person, and unjust enrichment, based on Defendants' receipt of valuable analytics and advertising benefits derived from users' personal health data without compensation or authorization. Compl. ¶ 143-149; 151-154. Plaintiffs seek damages and injunctive relief on behalf of a nationwide class of affected patients and website visitors. Compl. ¶ 101, 130, 141, 150, 156., *See also* Prayer for Relief, at p. 57.

On March 10, 2026, Defendants answered the complaint [Dkt. No. 20] and on March 24, 2026, Defendants filed a Motion for Judgment on the Pleadings, which remains pending.[2] On April 7, 2026, Defendants filed the instant Motion for Stay of Discovery [Dkt. No. 30].

**LEGAL STANDARD**

Motions to stay discovery may be granted pursuant to Fed. R. Civ. P. 26(c), and the moving party bears the burden of showing good cause and reasonableness. *Howard v. Galesi*, 107 F.R.D. 348 (S.D.N.Y. 1985). A court has broad inherent power to stay discovery until preliminary issues can be settled which may be dispositive of some important aspect of the case. *Petrus v. Bowen*, 833 F.2d 581 (5th Cir. 1987). *See Harlow v. Fitzgerald*, 457 U.S. 800, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982) (discovery may be stayed to determine the dispositive issue of immunity of government officials). However, such motions are not favored because when discovery is delayed or prolonged it can create case management problems and unnecessary litigation expenses. *Kron Medical Corp. v. Groth*, 119 F.R.D. 636 (M.D.N.C. 1988). Therefore, a request to stay all

[2] Pursuant to the Court's Order on Plaintiffs' Unopposed Motion to Extend Time to Respond to Defendants' Motion for Judgment on the Pleadings [Dkt. No. 28], Plaintiffs' deadline to respond to the Motion for Judgment on the Pleadings was extended to May 8, 2026.

discovery pending resolution of a motion to dismiss or for judgment on the pleadings is rarely appropriate where resolution of the motion will not dispose of the entire case. *Lugo v. Alvarado*, 819 F.2d 5 (1st Cir. 1987). Finally, the Court ordinarily should not stay discovery which is necessary to gather facts in order to defend against a pending motion. *Wilderness Soc. v. Griles*, 262 U.S. App. D.C. 277, 824 F.2d 4 (D.C. Cir. 1987); *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550 (11th Cir. 1985).

"In deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. This involves weighing the likely costs and burdens of proceeding with discovery. It may be helpful to take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an immediate and clear possibility that it will be granted." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997); *See also Hovermale v. School Board of Hillsborough County*, 128 F.R.D. 287 (M.D. Fla. 1989).

## ARGUMENT

### I. Defendants Have Not Demonstrated a Substantial Likelihood of Success on Their Motion for Judgment on the Pleadings.

The thrust of Defendants' motion is that discovery should be stayed because a motion for judgment on the pleadings is pending, which in theory could be dispositive of the case. However, courts in this District are not compelled to grant a motion to stay discovery merely upon the filing of a dispositive motion and there is no broad rule that discovery should be deferred whenever there is a dispositive motion pending. See, *Gannon v. Flood*, 2008 U.S. Dist. LEXIS 31016, 2008 WL 793682, at *1 (S.D. Fla. Mar. 24, 2008). In fact, "[m]otions to stay discovery pending ruling on a

dispositive motion are generally disfavored in this District." *Flecha v. Neighbors Moving Servs., Inc.*, 944 F. Supp. 2d 1201, 1203 (S.D. Fla. 2013).

Courts within the Eleventh Circuit have weighed various factors for determining when a motion to stay discovery pending a dispositive motion should be granted. First, courts have considered whether the pending dispositive motion would resolve the entire litigation. See *S.K.Y. Management, LLC v. Greenshoe, Ltd.*, 2007 U.S. Dist. LEXIS 5109, 2007 WL 201258, at *2 (S.D. Fla. Jan. 24, 2007) (denying a motion to stay discovery because, among other considerations, the pending motion to dismiss will admittedly not result in a resolution of the entire case.") Here, Defendants assert that their Motion for Judgment on the Pleadings is "potentially case dispositive and challenges the legal sufficiency of all of Plaintiffs' claims." Defs.' Mot. J. Pleading, at p. 3. As an initial matter, a decision granting Defendants' Motion for Judgment on the Pleadings would not immediately dispose of the case because Plaintiffs could, and likely would, seek leave to file an amended complaint. Under Federal Rule of Civil Procedure 15(a)(2), courts "should freely give leave [to amend] when justice so requires. Fed. R. Civ. P. 15(a)(2). See also, *Feldman v. Flood*, 176 F.R.D. 651, 653 (M.D. Fla. 1997) (Court denied Defendants' Motion for Stay of Discovery pending resolution of case-dispositive motion because plaintiffs could seek leave to file an amended complaint).

In the instant case, many of the alleged pleading deficiencies Defendants raise in their Motion for Judgment on the Pleadings can readily be cured through an amended complaint, in the unlikely event that the Court agrees with Defendants that these are, in fact, pleading deficiencies. For instance, Defendants argue in their Motion for Judgment on the Pleadings, among other things, that the complaint is deficient because Plaintiffs did not specify what personal health information ("PHI") they provided to Cleveland Clinic, what webpages they visited or when, or whether their

PHI or other personal information was actually disclosed to third parties by Cleveland Clinic. Defs. Mot. J. Pleadings, at p. 5. Assuming arguendo, the Court agrees Plaintiff must plead such facts in order to state a claim, such a deficiency can be remedied without difficulty in an amended pleading. Therefore, because Plaintiffs could seek leave to amend the complaint in the event of an adverse ruling, and because Defendants' Motion for Judgment on the Pleadings would not immediately dispose of the entire case, a blanket stay of discovery at this stage is unwarranted. This is distinct from the situation in *Harlow*, 457 U.S. 800, where a pending motion to dismiss involved the dispositive issue of immunity of government official defendants.

If the Court were to grant Defendants' Motion for Judgment on the Pleadings in part, dismissing certain claims (even without leave to amend), similar discovery is required to support all of Plaintiffs' claims. Thus, proceeding with discovery now would be efficient for the parties and the Court. Where, as here, the motion does not promise complete and final termination of the litigation, a stay of discovery is unwarranted because the parties would eventually need to conduct discovery on the surviving claims.

Courts have also considered the time in which the dispositive motion is brought in relation to the discovery period set forth by the court. In *Gannon v. Flood*, 2008 U.S. Dist. LEXIS 31016 (S.D. Fla. Mar. 24, 2008), the court denied Defendants' motion to stay discovery because, among other considerations, the motion to dismiss had just become ripe for adjudication, the discovery period had just begun, and the court "had not delayed in adjudicating the Motion to Dismiss and thus unnecessarily prolonged discovery." *Gannon*, 2008 U.S. Dist. LEXIS 31016, at *3-4. The court correctly noted that there is no "broad rule that discovery should be deferred whenever there is a pending motion to dismiss." *Id.* at *3. The same considerations weigh against a stay here. As in *Gannon*, Defendants' Motion for Judgment on the Pleadings was recently filed and is not yet

fully briefed, and discovery has not yet begun. It is unlikely that "expensive discovery" will have "proceeded very far by the time the Court issues a ruling." *Id.* at *4. Staying discovery under these circumstances would not preserve resources, it would freeze the case at its earliest stage and unnecessarily delay proceedings that this Court has every reason to move forward promptly. *Id.* at * 3-4.

Finally, courts have considered whether resolution of the pending motion will require a merely legal, as opposed to a factual determination. In *Feldman* (supra), the court's denial of the motion to stay discovery was based in part on the "plaintiffs' arguments that some of the discovery they intend to undertake may be relevant to the motion to dismiss…" *Feldman*, 176 F.R.D. at 653. Here, Defendants argue in their Motion for Judgment on the Pleadings that there is a "dearth of plausibly alleged facts in the complaint" and that "Plaintiffs rely on sweeping generalizations" and "cherry-picked facts" to support the allegations in the complaint. Defs' Mot. J. Pleadings, at pp. 1, 3. By way of example, Defendants argue in their Motion that Plaintiffs' ECPA claim fails because "Plaintiffs cannot establish that Cleveland Clinic had a "criminal or tortious purpose in deploying Adobe Analytics." Defs' Mot. J. Pleadings, pp. 7-8. Evidence of a company's purposes is solely in its possession. Thus, if it becomes necessary to augment those allegations of scienter in the complaint, Plaintiffs would require fact discovery.

**II. A Stay of Discovery Will Cause Significant Prejudice to Plaintiffs.**

Defendants' motion to stay and their proposed discovery timeline (see Joint Scheduling Report) seeks a discovery period that will be suspended indefinitely, until triggered by the court's ruling on their pending dispositive motion on some future date. Such an indefinite stay of discovery will substantially prejudice Plaintiffs' ability to effectively prosecute this action. As time goes on, documents can become lost or destroyed, witnesses can become unavailable, memories

can fade, and potential evidence can become stale. See *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367-68 (11th Cir. 1997) (recognizing that forcing a plaintiff to await discovery imposes genuine prejudice). Moreover, "when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997). These problems include "duplication of costs because counsel must reacquaint themselves with the case once the stay is lifted," leaving "matters of importance…mislaid or avenues unexplored," and the "management problem[s]" that inevitably arise when the case "leaves the normal trial track.' *Kron Med. Corp. v. Groth*, 119 F.R.D. 636, 637 (M.D.N.C. 1988). For these reasons, "federal law places a thumb on the scale against discovery stays while also permitting departure from that general rule when the circumstances warrant, and when the proponent of the stay sets forth sufficient justification for delay." *Thompson v. Ryder Sys., Inc.*, 2022 U.S. Dist. LEXIS 238531, at *3-4 (S.D. Fla. Sep. 7, 2022)

Defendants have a heavy burden in demonstrating that stay of discovery is appropriate. "A motion to stay discovery is the functional equivalent of a motion for a protective order prohibiting or limiting discovery." *See* Fed. R. Civ. P. 26(c); *see also Jones v. Fiorella Ins. Agency, Inc.*, 2020 U.S. Dist. LEXIS 239359 at *2 (S.D. Fla. Nov. 30, 2020). A defendant who requests a blanket stay of discovery must do more than simply point to the pendency of a dispositive motion: it must also make a "specific showing of prejudice or burdensomeness" *Cuhaci v. Kouri Grp., LP*, 540 F. Supp. 3d 1184, 1187 (S.D. Fla. 2021) The party seeking a stay "bears the burden of showing good cause and reasonableness." *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006) (citation omitted).

In the instant case, Defendants have not demonstrated that their Motion for Judgment on the Pleadings is clearly meritorious and truly case dispositive. Defendants' assertion that their

Motion for Judgment on the Pleadings is "likely to prevail on the merits" amounts to nothing more than advocacy. Defs. Mot. J. Pleadings, at p. 9. Defendants' Motion for Judgment on the Pleadings raises contestable issues, which weighs against a stay, and Defendants' confidence in its own motion is not a substitute for the merit this Court requires.

In addition, a delay in discovery would be detrimental to Plaintiffs because the digital evidence central to this case is impermanent. For example, server-side logs, session records, HTTP traffic data, and communication metadata captured through Defendants' website may be purged, and the forensic artifacts which prove that communications were intercepted could disappear. That is, data and information that might establish the unauthorized interception of electronic communications could be lost. Beyond the digital records, witness memory fades over time, and personnel such web developers and system administrators, with direct knowledge of Defendants' website and the embedded tracking technology may leave, taking relevant information and recollections with them. In addition, third-party vendors who may have facilitated or executed the interception maintain their own data logs, and without a timely preservation demand, such evidence may be permanently lost. Additionally, evidence of scienter may be lost with the fading of witnesses' memories or lost contact with certain former employee witnesses.

**III. Judicial Economy Favors Proceeding with Discovery.**

Defendants contend that staying discovery will conserve the parties' and the Court's resources. However, this argument inverts the relevant inquiry. If Defendants' dispositive motion is denied, which Plaintiffs submit it should be, the parties and Court will have lost the time attributable to the stay. This scenario serves no one's interests. Federal Rule of Civil Procedure 1 directs courts to administer the rules to secure "the just, speedy, and inexpensive determination of every action." *Fed R. Civ. P. 1*. A stay of discovery directly contravenes the mandate of speed and

efficiency. Courts in this District have consistently held that where a dispositive motion does not promise certain and swift resolution of all claims, the more efficient course is to allow discovery to proceed on parallel tracks. See, e.g., *S.K.Y. Mgmt. LLC v. Greenshoe, LTD*, 2007 U.S. Dist. LEXIS 5109 (S.D. Fla. Jan. 24, 2007); *Bocciolone v. Solowsky*, 2008 U.S. Dist. LEXIS 59170 (S.D. Fla. July 24, 2008).

**IV. Defendants' Request is Premature and Speculative.**

A party seeking a stay of discovery based on a potentially dispositive motion must demonstrate more than the mere possibility that the motion will be granted. See *Feldman*, 176 F.R.D. at 652. A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6). That is, judgment on the pleadings is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts. *See Bankers Ins. Co. v. Florida Residential Property and Cas. Joint Underwriting Ass'n,* 137 F.3d 1293, 1295 (11th Cir.1998) (citing *Hebert Abstract Co. v. Touchstone Properties, Ltd.,* 914 F.2d 74, 76 (5th Cir.1990)); *see also* Rule 12(c), Fed.R.Civ.P. When reviewing a motion for judgment on the pleadings, the facts in the complaint are accepted as true and viewed in the light most favorable to the nonmoving party. *See Ortega,* 85 F.3d at 1524 (citing *Swerdloff v. Miami Nat'l Bank,* 584 F.2d 54, 57 (5th Cir.1978)). The complaint may not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S. Ct. 99, 101-02, 2 L. Ed. 2d 80 (1957) & citing *Hartford Fire Ins. Co. v. California,* 509 U.S. 764, 811, 113 S. Ct. 2891, 2916-17, 125 L. Ed. 2d 612 (1993)).

Plaintiffs' complaint satisfies that standard. Defendants' motion is, at best, a contested legal argument that may or may not prevail and contested legal questions do not warrant stays of discovery. Courts consistently hold that where the outcome of a dispositive motion is uncertain or genuinely disputed, a stay is inappropriate. See, e.g., *Bocciolone* 2008 U.S. Dist. LEXIS 59170 (*supra*). Moreover, Defendants' motion for Judgment on the Pleadings has not been fully briefed, has not been argued, and the Court has not indicated any inclination to grant it. Granting a discovery stay at this stage, based solely on Defendants' self-serving prediction of success, would allow any defendant to freeze litigation simply by filing a motion to dismiss or a motion for judgment on the pleadings, no matter how unlikely it is to prevail. That is not the law, and it is not the practice of this Court.

Plaintiff's response to the Motion for Judgment on the Pleadings is not yet due, and Plaintiff will not brief the substantive arguments herein. However, to the extent that the Court feels the need to "peek" at the merits of Defendants' Motion, Plaintiffs incorporate that future response to the present response by this reference thereto.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court deny Defendants' Motion to Stay Discovery in its entirety and direct the parties to proceed with discovery in accordance with an appropriate scheduling order.

Respectfully submitted,

Dated April 21, 2026

/s/Justin Parafinczuk, Esq.
Justin Parafinczuk, Esq.
Jason B. Wolf, Esq.
Rachel Cowen-Suarez, Esq.
Steven D. Resnick, Esq. (*pro hac vice pending)*
5550 Glades Road, Suite 500
Boca Raton, FL 33431

Tel. (954) 462-6700
Fax (954) 462-6567
Emails: pleadings@parawolf.com
clevelandclinic@parawolf.com
jparafinczuk@parawolf.com
jwolf@parawolf.com
rcowen@parawolf.com
sresnick@parawolf.com
*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 21, 2026, a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/Steven D. Resnick, Esq.*
Steven D. Resnick, Esq.