**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**CASE NO.: 25-cv-62530-CIV-AHS**

**ANNA WEATHERLY,** and
**PAMELA CHARNEY,** on
behalf of themselves and all
others similarly situated,

Plaintiffs,

v.

**THE CLEVELAND CLINIC FOUNDATION,**
and **CLEVELAND CLINIC FLORIDA**
**HEALTH SYSTEM NONPROFIT**
**CORPORATION,**

Defendants.

_______________________________________/

**DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' MOTION TO STAY DISCOVERY AND PRETRIAL DEADLINES PENDING RULING ON FULLY DISPOSITIVE MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendants The Cleveland Clinic Foundation and Cleveland Clinic Florida Health System Nonprofit Corporation (collectively, "Defendants" or "Cleveland Clinic"), hereby submit this reply in support of their Motion to Stay Discovery and Pretrial Deadlines Pending Ruling on Fully Dispositive Motion for Judgment on the Pleadings [ECF No. 30] (the "Motion"), and state:

## I. INTRODUCTION

Plaintiffs' Response [ECF No. 46] offers no basis for the Court to deny a brief stay of discovery and pretrial deadlines pending ruling on the Motion for Judgment on the Pleadings. Instead, the Response ignores the "preliminary peek" test which governs motions to stay discovery throughout this Circuit by failing to dispute the merits of the Motion for Judgment on the Pleadings, conjures prejudice to Plaintiffs where none exists, and fails to consider the

overwhelming interest in judicial economy that favors resolving the Motion for Judgment on the Pleadings before the parties engage in costly and potentially unnecessary discovery. Plaintiffs in fact concede they require discovery to correct the Complaint's deficient allegations—a concession that underscores the likelihood of success of Cleveland Clinic's Motion for Judgment on the Pleadings. Moreover, Plaintiffs' concession demonstrates why discovery should not be allowed to proceed. Discovery is framed by the pleadings and requiring Cleveland Clinic to proceed with discovery based on Plaintiffs' admittedly deficient claims would be highly prejudicial and not serve the interests of judicial economy. Accordingly, Cleveland Clinic respectfully requests that the Motion be granted and that discovery and pretrial deadlines be stayed until the Court rules upon the Motion for Judgment on the Pleadings.

## II. ARGUMENT

### A. Plaintiffs Fail to Address the Merits of the Motion for Judgment on the Pleadings

As an initial matter, Plaintiffs misconstrue the applicable analysis for granting a stay of discovery by arguing that the Court should consider factors such as the time in which the dispositive motion is brought in relation to the discovery period and whether the pending motion will require a merely legal, as opposed to a factual determination. *See* Resp. at 6–7. Plaintiffs are wrong. The applicable analysis for granting a stay "entails taking a preliminary peak [sic] at the merits of the dispositive motion to see if it appears to be clearly meritorious and truly case dispositive." *Skuraskis v. NationsBenefits Holdings, LLC*, 717 F. Supp. 3d 1221, 1228 (S.D. Fla. 2023) (internal quotations and citations omitted); *see also Morrison v. Family Dollar Stores, LLC*, Case No. 24-CV-60294-SINGHAL/STRAUSS, ECF No. 119 (S.D. Fla. Apr. 1, 2025) (Strauss, J.) (granting motion to stay discovery because "[a]fter taking a preliminary peek, I agree with [d]efendants that a stay of discovery at this time is reasonable and that good cause exists to stay

discovery pending further consideration of [d]efendants' motions to dismiss"). Accordingly, "[w]hen faced with legitimate challenges to the legal theory upon which a broad class action complaint rests, a temporary stay of discovery is the proper course until such challenges are resolved." *Goldstein v. Costco Wholesale Corp.*, No. 21-CV-80601-RAR, 2021 WL 2827757, at *2 (S.D. Fla. July 8, 2021). If the pending motion raises "potentially fatal pleading [] deficiencies, staying discovery is warranted." *Zoghaib v. Societe Generale De Banque Au Liban*, No. 25-CV-20097, 2026 WL 943756, at *5 (S.D. Fla. Apr. 8, 2026) (internal quotations and citations omitted). Nevertheless, Plaintiffs never address the preliminary peek test for the Motion for Judgment on the Pleadings.

By failing to address the preliminary peek test, Plaintiffs have effectively abandoned any argument on the merits of Cleveland Clinic's Motion for Judgment on the Pleadings. *See Jones v. Bank of Am., N.A.*, 564 F. App'x 432, 434 (11th Cir. 2014) ("When a party fails to respond to an argument or otherwise address a claim, the Court deems such argument or claim abandoned.") (internal quotations and citations omitted). Plaintiffs' failure to address the preliminary peek test warrants granting the requested stay.

Assuming *arguendo* that Plaintiffs' have not abandoned their argument regarding the Motion for Judgment on the Pleadings, Plaintiffs at best argue that "granting [such motion] would not immediately dispose of the case because Plaintiffs could, and likely would, seek leave to file an amended complaint." Resp. at 5. Tellingly, by arguing Plaintiffs likely would seek leave to file an amended complaint effectively concedes the Complaint's "fatal pleading deficiencies" and merit of the Motion for Judgment on the Pleadings. *Skuraskis*, 717 F. Supp. 3d at 1231. This, too, warrants granting the stay.

Putting aside these threshold issues, the deficiencies in Plaintiffs' Complaint cannot be cured by amendment, which is why Cleveland Clinic sought judgment on the pleadings after it answered. As Cleveland Clinic's Motion for Judgment on the Pleadings makes clear, Plaintiffs do not and cannot: (1) support their ECPA and FSCA claims on Cleveland Clinic's use of Adobe which is subject to a DPA and BAA that transform Adobe into an extension of Cleveland Clinic; (2) establish any criminal or tortious purpose to avoid the ECPA's one-party consent exception; (3) reconcile their FSCA claim with recent Florida legislation regarding website tracking technologies; (4) establish intrusion into a private quarter or place for their invasion of privacy claim; (5) demonstrate an intrusion that is sufficient outrageous for their invasion of privacy claim; and (6) establish economic damages that are measurable and quantifiable for their unjust enrichment claim. These issues are legal deficiencies in Plaintiffs' claims. In other words, even if Plaintiffs were to add certain facts about how and when they used the webpages at issue in this action, their claims would still fail as a matter of law. Plaintiffs' silence on these dispositive issues in the Complaint merits entry of the stay.

Plaintiffs further concede that "discovery is required to support all of Plaintiffs' claims" such that "discovery now would be efficient for the parties and the Court." Resp. at 6. Plaintiffs have put the cart before the proverbial horse. Discovery is not a tool for Plaintiffs to embark on a fishing expedition in the hope that Plaintiffs can cure their facially deficient pleading. *See, e.g., Ocean Reef Charters, LLC v. Travelers Prop. Cas. Co.*, No. 23-CV-81222-BER, 2024 WL 4453730, at *3 (S.D. Fla. Oct. 9, 2024) ("Post-filing discovery is not intended to allow a plaintiff to marshal facts that he should have had — but did not — before coming through the courthouse doors.") (internal quotations and citations omitted); *Lazarre v. JPMorgan Chase Bank, N.A.*, 780 F. Supp. 2d 1320, 1329 n.16 (S.D. Fla. 2011) (Discovery "is not intended to allow a plaintiff to go

on a fishing expedition to see if the speculative complaint that he has filed has any basis in fact.") (internal quotations and citations omitted); *Belik v. Carlson Travel Grp., Inc.*, 864 F. Supp. 2d 1302, 1314 (S.D. Fla. 2011) ("Plaintiff's attempt to reverse the logical sequence in litigation—claim first, discovery later—is unavailing."); *Moss v. Liberty Mut. Fire Ins. Co.*, No. 3:16-CV-677-J-39JBT, 2017 WL 4676629, at *7 (M.D. Fla. Aug. 18, 2017) ("The Rules of Civil Procedure do not contemplate that a plaintiff may file a complaint rife with conclusory and speculative allegations, hoping to find data and evidence to support the allegations through subsequent discovery."). Plaintiffs' need for discovery to amend their Complaint is not a basis to deny the requested stay.

Moreover, the limited cases cited by Plaintiffs where courts denied stays of discovery are all materially distinguishable. In *S.K.Y. Mgmt. LLC v. Greenshoe, Ltd.*, No. 06-21722-CIV, 2007 WL 201258, at *2 (S.D. Fla. Jan. 24, 2007), unlike here, the plaintiff raised "strong rebuttal arguments that may result in both tort claims surviving a motion to dismiss" and the defendant further conceded that the "the pending motion to dismiss will admittedly not result in a resolution of the entire case." In *Feldman v. Flood*, 176 F.R.D. 651, 653 (M.D. Fla. 1997), materially different from this case, the plaintiffs similarly identified applicable exceptions to the defendant's basis for dismissal of their derivative lawsuit. Finally, in *Gannon v. Flood*, No. 08-60059-CIV, 2008 WL 793682, at *1 (S.D. Fla. Mar. 24, 2008), the defendant did "not argu[e] as to the sufficiency of the complaint" to warrant a stay.[1] Here, in contrast, (1) Plaintiffs fail to articulate any basis for denial of the Motion for Judgment on the Pleadings, (2) the Motion for Judgment on the Pleadings is fully

[1] The court in *Gannon* dismissed the entire case two days after denying the requested stay of discovery. *Gannon v. Flood*, No. 08-60059CIV, 2008 WL 905982, at *3 (S.D. Fla. Mar. 26, 2008). It is reasonable to infer that a stay in that case was not required due to the almost contemporaneous dismissal of the case.

case dispositive and likely to prevail on the merits, and (3) the Motion for Judgment on the Pleadings is directed at the sufficiency of the Complaint, which fails to allege any cognizable claim as a matter of law.

### B. Plaintiffs Manufacture Their Purported Prejudice While Ignoring the Prejudice to Cleveland Clinic

Plaintiffs conjure alleged prejudice by pointing to a possible loss of evidence from Cleveland Clinic and non-parties, as well as lost witness recollections if the requested stay is granted. *See* Resp. at 9. Plaintiffs offer zero facts or evidence to substantiate this alleged prejudice. *See, e.g., Xfinity Mobile v. Devin Tech Inc.*, No. 1:19-CV-03294-JPB, 2019 WL 9831670, at *1 (N.D. Ga. Aug. 20, 2019) ("Plaintiffs' sole concern is that [non-parties] will delete relevant data logs prior to the start of discovery. This concern is purely speculative, however, because Plaintiffs have not presented any affidavits or other evidence of data retention policies indicating these third parties will delete relevant data within the next two months leading up to the start of discovery."). Plaintiffs' suggestion that a stay will result in non-compliance with preservation obligations is pure speculation and insufficient to establish prejudice.

Conversely, the prejudice to Cleveland Clinic is material and substantiated. The parties have filed their Joint Scheduling Report in this action. *See* [ECF No. 44]. In it, Plaintiffs indicated they intend to seek discovery on at least nine, sweeping and invasive categories of information, including: tracker implementation records, internal communications regarding tracking technologies, Cleveland Clinic's revenue and compensation, data transmitted to third parties, privacy policy history, consent mechanisms on the Website, HIPAA compliance reviews, IT and web development records, and third-party vendor agreements. *Id*. Allowing Plaintiffs to seek such intrusive and costly discovery, including into matters that are highly confidential, proprietary, and/or involve non-parties to this case, when Plaintiffs fail to allege a single cognizable claim

presents material prejudice and burden on Cleveland Clinic, the likes of which warrant a stay. *See, e.g., Pratt Corrugated Holdings, Inc. v. Porter Pizza Box of Fla., Inc.*, No. 8:23-CV-200-WFJ-CPT, 2023 WL 3863369, at *2 (M.D. Fla. June 7, 2023) (granting stay of discovery pending ruling on motion to dismiss and noting that discovery into "finances and assets . . . would be premature and prejudicial" prior to ruling); *Chevaldina v. Katz*, No. 17-22225, 2017 WL 6372620, at *3 (S.D. Fla. Aug. 28, 2017) ("Defendants should not be required to suffer monetary burdens or expenses when it appears that Plaintiff's claims may fail for several reasons as a matter of law.").

This action is in its infancy, and the requested stay is brief and tied to the Motion for Judgment on the Pleadings that will be fully briefed by no later than the end of May 2026. Should any claim survive, Plaintiffs will have ample opportunity to conduct discovery then. Thus, Plaintiffs have not demonstrated any credible prejudice that is outweighed by the prejudice to Cleveland Clinic.

### C. A Stay Will Promote Judicial Economy and Is Not Premature or Speculative

Plaintiffs argue that if "Defendants' dispositive motion is denied, which Plaintiffs submit it should be, the parties and the Court will have lost the time attributable to the stay." Resp. at 9. This argument is without merit and does not speak to promoting judicial economy. As recognized in this District, "dismissal of nonmeritorious claims before discovery begins is necessary to minimize undue burdens on litigants and the court system." *Lewis v. Mercedes-Benz USA, LLC*, No. 19-CIV-81220-RAR, 2020 WL 4923640, at *2 (S.D. Fla. Mar. 25, 2020); *see also Padilla v. Porsche Cars N.A., Inc.*, No. 18-cv-24988, 2019 WL 1281484, at *1 (S.D. Fla. Mar. 19, 2019) ("This Court firmly abides by *Chudasama*'s instructions that discovery should follow the filing of a well-pleaded complaint and that any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible."). Again, Plaintiffs concede they will need to seek leave to amend the Complaint, confirming that at least some of

Plaintiffs' claims are without merit and will not survive the Motion for Judgment on the Pleadings. Allowing discovery to proceed now would require Cleveland Clinic—and likely the Court—to address technically complex issues concerning website architecture, alleged interceptions on different webpages, vendor relationships, alleged data-sharing pathways, and class-wide website practices before the Court decides whether the Complaint states any viable claim at all. This is the opposite of promoting judicial economy. Indeed, a stay of discovery is "particularly appropriate in large putative class action cases such as this wherein . . . the elimination of even one claim could significantly impact the scope of discovery." *Taylor v. Serv. Corp. Int'l*, No. 20-CIV-60709, 2020 WL 6118779, at *2 (S.D. Fla. Oct. 16, 2020).

If the Motion for Judgment on the Pleadings is granted, a stay will have spared the parties and the Court from burdensome discovery into issues that should never have proceeded. Even assuming the Motion for Judgment on the Pleadings is only partially granted, any amended pleading could significantly alter and narrow the scope of discovery in this case. *See, e.g., Skuraskis*, 717 F. Supp. 3d at 1231 ("[E]ven if the Motion to Dismiss were granted in part, such a grant would substantially impact the viability of claims against one or more Defendants and drastically alter the scope of discovery . . . Thus, Defendants' pleading sufficiency challenge further counsels a temporary stay of discovery."); *Taylor*, 2020 WL 6118779, at *2 (same); *Lewis*, 2020 WL 4923640, at *2 (same). Under these circumstances, a stay resoundingly promotes judicial economy.

Lastly, Plaintiffs' argument that a stay of discovery is premature or speculative must be rejected. Plaintiffs contend that because the Motion for Judgment on the Pleading has not been fully briefed, it remains speculative whether the Court is inclined to grant the motion. *See* Resp. at 11. That Plaintiffs have yet to file their opposition to the Motion for Judgment on the Pleadings is

wholly irrelevant to the preliminary peek test that considers the merits of the pending dispositive motion—not the merits of oppositions thereto. Plaintiffs filed their Complaint on December 8, 2025. *See* [ECF No. 1]. Presumably, Plaintiffs investigated the legal and factual viability of their claims prior to filing. If Plaintiffs, nearly five months post-filing, cannot articulate any basis in the Response to support their claims and dispute the merits of the Motion for Judgment on the Pleadings, then that should tell the Court everything it needs to know to grant the requested stay of discovery and pretrial deadlines. Further, the parties have already submitted their Joint Scheduling Report with Plaintiffs seeking to open the discovery period as early as May 20, 2026, with the exchange of initial disclosures. *See* [ECF No. 44]. The Court has entered its Order Setting Trial, and the parties are scheduled to appear before the Court on May 4, 2026, for a scheduling conference. *See* [ECF Nos. 58, 51]. Thus, the commencement of pretrial deadlines and discovery is certainly imminent and neither speculative nor premature.

## III. CONCLUSION

For the foregoing reasons, the Court should grant the Motion and enter an order staying discovery and pretrial deadlines until the Court rules upon the Motion for Judgment on the Pleadings.

Dated: April 28, 2026

Respectfully submitted,

**HOLLAND & KNIGHT LLP**
*Counsel for Defendants The Cleveland Clinic Foundation and Cleveland Clinic Florida Health System Nonprofit Corporation*

*s/ Caitlin F. Saladrigas*
Caitlin F. Saladrigas, Esq.
Florida Bar Number: 95728
777 South Flagler Drive
Suite 1900 – West Tower
West Palm Beach, FL 33401
561.833.2000 telephone
561.650.8399 facsimile

caitlin.saladrigas@hklaw.com

Alexander M. Dudley, Esq.
Florida Bar Number: 1017976
515 E. Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
954.525.1000 telephone
954.463.2030 facsimile
alexander.dudley@hklaw.com

Mark Melodia, Esq.(*admitted pro hac vice*)
787 7th Avenue, 31st Floor
New York, NY 10019
212.513.3583 telephone
212.385.9010 facsimile
mark.melodia@hklaw.com

Ashley Shively, Esq.*(admitted pro hac vice*)
560 Mission Street, Suite 1900
San Francisco, CA 94105
415.743.6900 telephone
ashley.shively@hklaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of April 2026, I electronically filed the foregoing document with the Clerk of the Court via the CM/ECF filing system, and that a true and correct copy will be served via transmission of Notices of Electronic Filing generated by CM/ECF or by some other authorized manner on all counsel of record.

*/s/ Caitlin F. Saladrigas*
Caitlin F. Saladrigas